IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRENDA THOMAS,                          :

      Plaintiff,                       :

vs.                                     :  CIVIL ACTION NO. 14-00120-KD-B

JUDGE BEN BROOKS, *et al.*,             :

      Defendants.                      :

## REPORT AND RECOMMENDATION

This action is before the Court on review[1]. In an Order dated March 25, 2014 (Doc. 3), Plaintiff, who is seeking to proceed *in forma pauperis,* was directed to file an amended complaint that states a cognizable claim, and that sets forth the basis for federal jurisdiction. In response, Plaintiff filed various documents. (Docs. 4, 6). Upon careful review, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted, and lack of federal jurisdiction.

### I. Background

In her initial filing, Plaintiff Brenda Thomas indicated that she was filing this action on behalf of her son, Waverly

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4).

Bernoudy, and she named as Defendants, judges Ben Brooks and "Johnston" and attorneys John L. White, Richard Williams, and Brent Day[2]. (Doc. 1). As best the Court can discern, it appears that Thomas is dissatisfied with the outcome of the state criminal proceedings involving her son. According to Thomas, her son was "wrongfully charged", "over sentenced" and convicted despite "lack of evidence." Because Thomas' assertions provided no grounds for relief, and did not set forth the basis for federal jurisdiction, she was directed to file an amended

---

[2] As an aside, the undersigned observes that Thomas may not serve as pro se counsel on behalf of her son. The Eleventh Circuit has made clear that 28 U.S.C. § 1654, the general provision permitting parties to proceed pro se, provides a "personal right that does not extend to the representation of the interests of others." Timson v. Sampson, 518 F. 3d 870, 873 (11th Cir. 2008). *See also*, Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972)(affirming dismissal of the portion of petitioner's complaint seeking relief on behalf of fellow inmates). As aptly observed by the Court in Myers v. Loudoun County Pub. Sch., 418 F. 3d 395, 400 (4th Cir. 2005),:

The reasoning behind this rule is two-fold:

> it protects the rights of those before the court, *see id*. ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, *see Collinsgru v. Palmyra Bd. of Educ.*, 161 F. 3d 225, 231 (3d Cir. 1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

Id. at 400.

complaint. (Doc. 3). In response to the Court's order, Thomas filed a series of documents, including medical records, pertaining to her son. Because Thomas has failed to state a cognizable claim against Defendants judges Brooks and Johnston, and has failed to establish a basis for federal jurisdiction with respect to her purported claims against attorneys John L. White, Richard Williams, and Brent Day, this action is due to be dismissed.

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, 884 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement" possess[ing] enough heft to "sho[w] that the pleader is entitled to relief." Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (quotations marks and second brackets in original). While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic, 550 U.S. at 555.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009); see Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)

4

(observing Iqbal's overruling of GJR Investments' heightened pleading standard). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

Turning first to Thomas' claims against Defendants judges Ben Brooks and Johnston, the law is clear that judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "clear absence of all jurisdiction". Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (per curiam) (quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). Accord Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005) (per curiam). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Bolin, 225 F.3d at 1239 (citing Stump, 435 U.S. at 356). In her initial filing (Doc. 1), Thomas indicates that Judge Brooks and then Judge Johnston presided over her son's criminal proceedings; however, she has not alleged let alone established that they acted in the clear absence of jurisdiction. Accordingly, Thomas' claims against them are due to be dismissed under the judicial immunity doctrine.

Thomas also appears to take issue with the adequacy of the legal representation that attorneys John L. White, Richard

5

Williams, and Brent Day provided to her son in connection with his criminal proceedings. The Court takes judicial notice of the fact that these attorneys are located in this district, and that Thomas has failed to assert a basis for federal jurisdiction with respect to these Defendants. A federal court is a court of limited jurisdiction, which is authorized by the Constitution or Congress to hear only certain types of actions. Exxon Mobile Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 2616-17 (2012). "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985); see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261-62 (11th Cir. 2000) (raising *sua sponte* on appeal the issue of whether the case involved a sufficient amount in controversy for diversity jurisdiction). In addition, the inquiry into whether a federal court has subject matter jurisdiction should be done at the "earliest stage in the proceedings." University of South Alabama v. American Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." Morrison, at 1261.

<br>
6

The plaintiff has the sole responsibility of establishing subject matter jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). To do so, the plaintiff must allege facts sufficient to demonstrate the existence of federal jurisdiction and include a short and plain statement of the grounds on which the court has jurisdiction over the action. Kirkland v. Masonry, Inc. v. Comm'r, 614 F.2d 532, 533 (5th Cir. 1980). In this case, the Court has provided Thomas with an opportunity to amend her complaint so as to set forth the basis for federal jurisdiction, and offer facts that provide the Defendants and the Court with fair notice of her claims. Notwithstanding, Thomas has failed to demonstrate the existence of federal jurisdiction with respect to her claims against attorneys John L. White, Richard Williams, and Brent Day. Accordingly, her claims against attorneys John L. White, Richard Williams, and Brent Day are due to be dismissed for lack of federal jurisdiction.

**III. Conclusion.**

Because Thomas has been afforded an opportunity to correct her pleading deficiencies, but has failed to do so, the undersigned recommends that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief can be granted, and lack of federal jurisdiction.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **11th** day of **September, 2014.**

                                        **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**